UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| K.V., a minor, by and through her Guardian, Lynae Vahle, and LYNAE VAHLE, each individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACKERCAMPS.COM LLC,<br><br>Defendant. | Case No. 3:22-cv-2256<br><br>CLASS ACTION |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, 1446 and 1453(b), Defendant Ackercamps.com LLC ("Defendant" or "Bunk1"), by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, gives notice of removal of this action from the Circuit Court of the First Judicial Circuit, Williamson County, Illinois to the United States District Court for the Southern District of Illinois.

### I. Factual Background

1. On August 29, 2022, Plaintiffs Lynae Vahle ("Vahle") and K.V., through her Guardian, Vahle, ("KV") (together, "Plaintiffs") filed a Class Action Complaint ("Complaint") in the Circuit Court for the First Judicial Circuit, Williamson County, Illinois, styled *K.V., by and through her Guardian, Lynae Vahle, and Lynae Vahle v. Ackercamps, LLC*, Case No. 2022-LA-108 (Cir. Ct. Williamson County). On September 1, 2022, Plaintiff's Motion for Class Certification and Request for Certification Issues, Certificate of Service, Class Action Complaint, and Illinois Supreme Court Rule 222(b) Affidavit were served on Defendant's

1

registered agent. To date Defendant has not received service of process of a Summons with a copy of the Complaint. A copy of all process, pleadings, and orders served upon Defendant with respect to this action are attached as Exhibit A to the Declaration of Michael J. Roman, attached hereto as Exhibit 1.

2. A true and correct copy of the Circuit Court of the First Judicial Circuit, Williamson County, Illinois docket as of September 29, 2022 is attached as Exhibit B to the Declaration of Michael J. Roman, Ex. 1. The remainder of the Circuit Court of the First Judicial Circuit file as of September 29, 2022 is attached as Exhibit C to the Declaration of Michael J. Roman, Ex. 1.

3. Plaintiffs each allege individual claims against Defendant under §15(a), §15(b), §15(c), §15(d), and §15(e) for violations of the Illinois Biometric Information Privacy Act, 740 ILCS §14/15. Compl. ¶¶ 44-52, 77. Plaintiffs also seek to represent a putative class of similarly situated individuals.

4. In support of their §15(a) claims for unlawful retention of data, Plaintiffs allege, in part, that they "have never been informed of whether Defendant will ever permanently delete their biometrics" (Compl. ¶29) and "have been repeatedly exposed to the risks and harmful conditions created by Defendants violations of BIPA." Compl. ¶29. Plaintiffs further allege that they "are not aware of how long Defendant will continue to store their biometric identifiers and information." *Id.* ¶69. "Defendant has been and continues to be a 'private entity' in possession of Plaintiffs' and other consumers biometrics." *Id.* ¶83; see also *id.* ¶20. The Complaint alleges "Plaintiffs and the putative Class are not aware of how long Defendant will continue to store their biometric identifiers and information." *Id.* ¶69.

5.     In support of their §15(c) claims for unlawful trade or profit of data, Plaintiffs allege that Defendant is a company that "partners with summer camps across the United States to connect with a specific person at camp through access to online photo galleries with facial recognition." *Id.* ¶7.  Plaintiffs allege that "[f]or Defendant's system to work, consumers must upload a high resolution, closeup 'profile photo' of their specific person, so Defendant's facial recognition software can identify the specific person's facial geometry and detect possible matches within its online photo galleries." *Id.* ¶9.  "Defendant's 'online photo galleries with facial recognition' functions by scanning, collecting, storing, and using customers' or potential customers' facial biometrics," (*id.* ¶10) and Defendant allegedly uses this facial recognition database as part of its "sales pitch" and for marketing purposes. *Id*. ¶8.  Per the Complaint, "Defendant unlawfully profited from Plaintiffs' and Class Members' biometric identifiers and biometric information, including through using said biometric identifiers and biometric information to aid in the sales of Defendant's products." *Id.* ¶89.

6.     For their §15(d) unlawful disclosure claims, Plaintiffs allegedly do not know "to whom Defendant currently discloses their biometric data, or what might happen to their biometric data in the event of a buyout, merger, or a bankruptcy." *Id.* ¶70.  By these actions, Defendant allegedly "not only disregard[s] the Class' privacy rights, but it has also violated BIPA." *Id.* ¶71.

7.     Plaintiffs allege in support of their §15(e) unlawful storage claims that Defendants' "'online photo galleries with facial recognition' functions" by "scanning, collecting, storing, and using customers' or potential customers' facial biometrics" without abiding by BIPA's notice and consent requirements. *Id.* ¶10. This "exposes Defendant's customers,

potential customers, as well as any person in the camp's photos, including Plaintiffs, to serious and irreversible privacy risks." *Id.* ¶11.

8. Based on these and other allegations, Plaintiffs assert claims for reckless, or, alternatively, negligent violations of BIPA and seeks declaratory and injunctive relief as well as statutory damages, attorneys' fees and costs. *Id.* at ¶¶ 93-104; see also *id.* at pp. 18, 20-21, Prayers for Relief.  Plaintiffs specifically allege they are entitled to $5,000 in liquidated damages "per reckless violation" of BIPA or $1,000 in liquidated damages "per negligent violation" of BIPA. *Id.*  Plaintiffs' prayer for injunctive relief includes enjoining Defendant from "further BIPA non-compliance and … to remedy any BIPA compliance deficiencies forthwith." *Id.* at ¶98.

9. Plaintiffs seek to represent a class of similarly situated individuals comprising:

> All persons who had their biometric identifiers, facial geometry, faceprints, or facial data captured, collected, or received by Defendant while residing in Illinois from five years preceding the data of filing of this action through the date a class is certified in this action.

*Id.* at ¶ 72.

10. Plaintiff KV alleges she is an "individual citizen of the State of Illinois." *Id.* ¶1

11. Plaintiff Vahlae is also "an individual citizen of the State of Illinois." *Id.* ¶2.

12. Plaintiff alleges Defendant is a "Delaware corporation with a principle place of business in New York." *Id.* ¶3.

13. Defendant Ackercamps.com LLC is in fact a limited liability company organized under Delaware law.  Defendant's sole member is Togetherwork Holdings, LLC. The sole member of Togetherwork Holdings, LLC is GI TW Intermediate Holdings, LLC, a limited liability company organized under Delaware law.  The sole member of GI TW Intermediate

Holdings, LLC is GI TW Topco Inc, a Delaware corporation with its principle place of business located in San Francisco, California. Thus for diversity purposes, Defendant is a citizen of Delaware and California.

## II. Removal is Proper As This Court Has Diversity Jurisdiction

14. Removal is proper under 28 U.S.C. § 1332(a) because complete diversity between the parties exists, and the amount of damages in question exceeds the $75,000.00 threshold.

15. District courts have jurisdiction over cases in which the parties are citizens of different states and the amount in question exceeds $75,000.00. 28 U.S.C. § 1332(a). "The citizenship of a limited liability company for diversity jurisdiction purposes is the citizenship of each of the limited liability company's members." *Mathes v. Bayer Corp.*, No. 09-cv-630, 2009 U.S. Dist. LEXIS 75048 *9 (S.D. Ill. August 24, 2009); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (for purposes of diversity jurisdiction, a limited liability company is treated like a partnership and takes on the citizenship of all members). A human being is a citizen of the state of his domicile—the state she considers her permanent home. *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991)).

16. Here, Defendant is a Delaware limited liability company, and its sole member is a limited liability company that has one member that is also a limited liability company, which has one member that is a Delaware corporation with its principle place of business located in California. See *infra*, ¶12. As alleged in their Complaint, Plaintiffs KV and Vahlae are each citizens of Illinois. Compl. ¶¶ 1-2. Accordingly, Defendant and Plaintiff KV are citizens of different states. Additionally, Defendant and Plaintiff Vahle are citizens of different states, and complete diversity between the parties exists. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634-35 (7th Cir. 2021).

17. This case also satisfies the minimum amount in controversy threshold of $75,000.00. *See* 18 U.S.C. 1332(a). Plaintiffs each assert at least 5 claims against Defendant for violations of §15(a), §15(b), §15(c), §15(d), and §15(e) of BIPA. Plaintiffs bring each of their 5 claims individually and on behalf of a putative class of individuals that Plaintiffs define as "[a]ll persons who had their biometric identifiers, facial geometry, faceprints, or facial data captured, collected, or received by Defendant while residing in Illinois." Compl. ¶72. Plaintiffs allege the putative class may comprise of "Defendant's customers, potential customers, as well as any person in the camp's photos" that are in Defendant's online databases. *Id.* ¶10. Based on a review of its business records, Defendant estimates that over 200 individuals may be considered putative class members of the proposed class definition alleged by Plaintiffs.

18. For each of their 5 claims, individually and on behalf of the class, Plaintiffs seek recovery of $5,000 in liquidated damages "per reckless violation" of BIPA. Compl. at p. 18 (Prayer for Relief); see also Roman Dec., Ex. A (Rule 222 Affidavit). Assuming Plaintiffs prevail on each of their 5 claims and are awarded $5,000 for each claim on behalf of a 200-person class, the minimum amount in controversy is in excess of $5,000,00.00. Accordingly, the amount in controversy far exceeds the $75,000.00 jurisdictional threshold, complete diversity between the parties exist, and this Court has diversity jurisdiction over this case under 18 U.S.C. § 1332(a).

### III. Removal is also Proper Pursuant to the Class Action Fairness Act

19. Plaintiffs' claims are also removable because the Class Action Fairness Act ("CAFA") provides the United States District Court for the Southern District of Illinois with jurisdiction. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over private class actions where: (1) any member of the proposed class is a citizen of a state different from

any defendant (*i.e.*, minimal diversity exists); (2) the proposed class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). Each of these requirements is met in the instant litigation.

       **A.**    **Minimal Diversity.**

    20.    Minimal diversity exists under CAFA because Plaintiffs and Defendants are citizens of different States because Plaintiffs are citizens of Illinois and Defendant is a citizen of California and Delaware.

    21.    Accordingly, Defendant and Plaintiffs are citizens of different states, which satisfies CAFA's minimal diversity requirements. 28 U.S.C. § 1332(d)(2)(A).

       **B.**    **Number of Class Members**

    22.    Plaintiffs seek to bring this action on behalf of a putative class of individuals comprising "All persons who had their biometric identifiers, facial geometry, faceprints, or facial data captured, collected, or received by Defendant while residing in Illinois from five years preceding the data of filing of this action through the date a class is certified in this action." Compl. at ¶72.

    23.    Upon a review of its business records, Defendant estimates that the proposed class is over 200 individuals.

    24.    Based on Plaintiffs' allegations and Defendant's investigation of the claims made in Plaintiff's Complaint, the Court can properly infer that the proposed class consists of more than 100 members and thus satisfies CAFA's requirement that the proposed class exceeds 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. Amount in Controversy

25. Plaintiffs seek an amount in controversy in excess of $5 million. *See* 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated." *See* U.S.C. § 1332(d)(6). While Plaintiffs have not alleged a specific amount of damages, CAFA's amount in controversy threshold is met here based on Plaintiffs' allegations and the overall damages sought.

26. As stated above, Plaintiffs have alleged at least 5 claims for violations of §15(a), §15(b), §15(c), §15(d), and §15(e) of BIPA and request an award of $5,000 in liquidated damages "per violation" of BIPA. Compl. at ¶¶ 93-104; *see also id.* at pp. 18, 20-21. Assuming Plaintiffs and 200 class members are awarded $25,000 each for 5 violations of BIPA, CAFA's $5,000,0000 jurisdiction threshold is met. *See, e.g.*, *Cothron v. White Castle System*, No. 19 CV 00382, 2020 U.S. Dist. LEXIS 141391 (N.D. Ill. Aug. 7, 2020) (holding "per scan" violation theory of damages under BIPA is plausible); *Appert v. Morgan Stanley*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Bloomberg v. Service Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible").

### IV.  Compliance with Removal Statute

27. This Notice of Removal was properly filed in the United States District Court for the Southern District of Illinois, because the Circuit Court of the First District, Illinois is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

28. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

29. The Complaint has not been served on Defendant. *See* Roman Dec. at ¶ 3, Ex. 1. However, even assuming a valid service date of September 1, 2022, when Defendant received the Complaint as an exhibit to Plaintiffs' Motion for Class Certification, this Notice of Removal is timely filed within 30 days of service of the Complaint, pursuant to 28 U.S.C. § 1446(b).

30. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant, as well as all those filed in this action, are attached as Exhibits A, B and C to the Declaration of Michael J. Roman, Ex. 1.

31. Pursuant to 28 U.S.C § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Circuit Court of Williamson County, Illinois today.

32. Defendant is the only named defendant in this lawsuit.

### IV.  Conclusion

33. Defendant Ackercamps.com LLC respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of the First Judicial Circuit, Williamson County, Illinois.

Dated:   Friday, September 30, 2022           Respectfully submitted,

                 LEWIS BRISBOIS BISGAARD & SMITH LLP

             By:  /s/ Michael J. Roman
                 One of Defendant's Attorneys

Mary A. Smigielski
Michael J. Roman
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 345-1718
mary.smigielski@lewisbrisbois.com
michael.roman@lewisbrisbois.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on September 30, 2022, he caused to be filed the foregoing Notice of Removal and corresponding exhibits with the Clerk of the Court for the Southern District of Illinois using the CM/ECF and that he caused to be served true and correct file-stamped copies of the documents to counsel listed below by email.

Diane E. Wise
WISE LAW LLC
1778 Caprice Court
O'Fallon, IL 62269
Ph. 217.556.8036
dwise@wiseconsumerlaw.com

*Attorney for Plaintiffs and the Putative Class*

                                                                               s/ Michael J. Roman