# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| K.V., a minor, by and through her Guardian, LYNAE VAHLE, and LYNAE VAHLE, individually, and on behalf of all others similarly situated,<br>**Plaintiff,**<br><br>vs<br><br>ACKERCAMPS.COM LLC,<br>**Defendant.** | **CIVIL NO.** 3:22-cv-2256-DWD<br><br>**CJRA TRACK:** D<br><br>**FINAL PRETRIAL CONFERENCE:**<br>October 24, 2024 at 10:00 AM<br><br>**BENCH TRIAL:** November 4, 2024<br><br>**JUDGE:** David W. Dugan<br><br>**MANDATORY MEDIATION:** NO |

## JOINT REPORT OF THE PARTIES AND PROPOSED SCHEDULING AND DISCOVERY ORDER
## (CLASS ACTION)

Pursuant to Federal Rule of Civil Procedure 26(f), SDIL-LR 26.1, and SDIL-LR 23.1, an initial conference of the parties was held on October 13, 2022 with attorneys Diana E. Wise, for the plaintiffs, and Mary A. Smigielski and Michael J. Roman, for the defendants, participating.

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:

1. Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a Class Action. Once class certification is decided, the Court will schedule an additional conference with the parties to address entering a new discovery order, addressing any additional merits discovery needed as necessary.

2. Initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34 and SDIL-LR 33.1, shall be served on opposing parties by January 16, 2023.

    Due to the nature of this case, the parties are exempted from compliance with Federal Rules of Civil Procedure 30(a)(2)(A) (10 deposition limit) and 33(a) (25 interrogatory limit). The parties agree to the following limitations on interrogatories and depositions 10 depositions and 25 interrogatories per party.

3. Plaintiff(s) depositions shall be taken by <u>June 15, 2023</u>.

4. Defendant(s) depositions shall be taken by <u>June 15, 2023</u>.

5. Third Party actions must be commenced by <u>March 14, 2023</u> (which date shall be no late than 90 days following the scheduling conference).

6. Expert witnesses for Class Certification, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

   Plaintiff(s) expert(s): <u>June 30, 2023</u>.

   Defendant(s) expert(s): <u>July 31, 2023</u>.

7. Depositions of Class Certification expert witnesses must be taken by:

   Plaintiff(s) expert(s): <u>August 15, 2023</u>.

   Defendant(s) expert(s): <u>August 31, 2023</u>.

8. The parties **CERTIFY** that they have discussed, in particular, the proportionality of discovery, the burden and expense associated with discovery, and the discovery of electronically stored information (ESI). The parties ☒ do ☐ do not anticipate a need for an ESI protocol. The parties shall submit to the Court any joint proposed ESI protocol no later than <u>January 31, 2023</u>.  (The protocol shall contain mechanisms for addressing necessary topics concerning ESI to include sources of information, search terms, format of production and preservation of ESI by both Plaintiff(s) and Defendant(s)).

9. Plaintiff(s) Motion for Class Certification and Memorandum in Support shall be filed by <u>September 29, 2023</u> (such date shall be no later than 8 months prior to the first day of the trial month or the first day of the month of the trial setting) and shall not exceed <u>20</u> pages.

10. Defendant(s) Memorandum in Opposition to Class Certification shall be filed by <u>October 31, 2023</u> and shall not exceed <u>25</u> pages.

11. Plaintiff(s) Reply Memorandum, if any, must be filed by <u>November 30, 2023</u> and shall not exceed <u>5</u> pages.

12. The Class Certification hearing, if any, will be set by separate notice.

13. The parties are reminded that, prior to filing any motions concerning discovery, they are first directed to meet and confer relating to any discovery disputes and

then contact the Court to arrange a telephone discovery dispute conference. If the dispute cannot be resolved in the first conference, the Court will establish, with the input of the parties, the mechanism for submitting written positions to the Court on an expedited basis.

DATED:  December 8, 2022

By: /s/ Diana E. Wise
Diana E. Wise
WISE LAW LLC
1778 Caprice Court
O'Fallon, IL 62269
217.556.8036
dwise@wiseconsumerlaw.com

Attorney(s) for Plaintiff(s)


By: Michael J. Roman (w/ consent)
Mary A. Smigielski
Michael J. Roman
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 W. Adams St., Suite 300
Chicago, IL 60661
312.345.1718
312.345.1778 (fax)
Mary.Smiglielski@lewisbrisbois.com
Michael.Roman@lewisbrisbois.com

Attorney(s) for Defendant(s)

*Rev 11/20*